IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KRISTIN LEE DIAL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No._____ |
| v. | § | |
| | § | |
| **SHELL DEER PARK REFINING** | § | |
| **COMPANY,** | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, KRISTIN LEE DIAL, filing her Original Complaint complaining of Defendant, SHELL DEER PARK REFINING COMPANY, and in support thereof would show as follows:

## I.
## JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII").

2. Plaintiff, KRISTIN LEE DIAL, resides in Lake Jackson, Texas. Plaintiff is female and is thus protected by Title VII. Plaintiff was at all relevant times an employee within the meaning of said applicable statute.

3. Defendant, SHELL DEER PARK REFINING COMPANY, operates in Texas. Defendant was at all times Plaintiff's employer within the meaning of said applicable statute.

4. Defendant engaged in an industry affecting commerce and employed more than 15 regular employees.

5. The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Houston Division. Venue is appropriate in this Court

**VICARIOUS LIABILITY--RESPONDEAT SUPERIOR**

6. Whenever in this Complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's supervisors, agents, servants, employees, or representatives.

7. The acts of management were performed while in the employment of Defendant, to further Defendant's business, to accomplish the objective for which said supervisory employee was hired, and within the course and scope of that employment or within the authority delegated to said employee.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") on or about January 29, 2015. In that Charge, No. 460-2015-01426, and any amendments and/or attachments thereto and where applicable, Plaintiff asserts that she was discriminated because of her sex (female) and in retaliation for opposing harassment and discrimination.

9. After investigating Plaintiff's Charge, the EEOC issued Plaintiff a Right-To-Sue letter dated March 23, 2016. Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

### III.
### FACTUAL BACKGROUND

10. Kristin Lee Dial began her employment with Shell Deer Park Refining Company on or about August 18, 2014 as a control systems technician. She remembers fondly receiving the offer to work for one of the most prestigious oil companies in the world.

11. It was no accident that Ms. Dial came to work for Shell Deer Park Refining Company. Born in Douglasville, Georgia, Ms. Dial cut her teeth on hard manual labor as a teenager by working in two of her family's businesses: automotive and custom home building. Not stopping there, she enlisted in the United States Army Reserves at the age of nineteen.

12. Ms. Dial started her family at a young age, as she and her significant other welcomed three children now ages 5, 4 and 3. This young family relocated to Texas in February of 2012 for better job opportunities.

13. Somewhere in all of this, the couple separated. Ms. Dial thought it wise to stay put in Texas so that she could continue the path of getting her college degree while keeping the family close.

14. Over the course of time, Ms. Dial earned several NCCER (National Center for Construction Education and Research) journeyman level certifications for industrial electricians and instrument technicians. She also earned an associate's degree of Applied Science Instrumentation Technology.

15.     Ms. Dial was newly separated.  She wanted a fresh start for her and her three children. This young mother boldly applied for a position at Shell – her dream job. Great opportunities awaited her…or so she thought.

16.     In her new role at Shell in August of 2014, Ms. Dial was required to participate in an intense training program.  There, she observed that she was the only female who worked in this role on the chemical side.

17.     Ms. Dial had a brief, consensual relationship with another control systems technician, Christopher Carrizales, **outside** of the Shell workplace.

18.     When that relationship ended, Mr. Carrizales behaved poorly.  Soon thereafter, Ms. Dial was subjected to sexual advances and threats by Mr. Carrizales **during the work hours at Shell.**

19.     Mr. Carrizales **text** her things like:

- *"Love you"*
- *"I should have said it a long time ago"*
- *"They set me up to get in your pants"*
- *"Your mouth p*ssy or *sshole"*
- *"You need my d*ck"*
- *"…I'm going to get my d*ck wet today"*
- *"I need my d*ck sucked"*
- *"I going to rape you after work"*
- *"Anal"*
- *"I really do want you to suck my c*ck good"*
- *"I need a blow job"*
- *"And my balls licked"*
- *"I want to f*ck your *ss so I"*
- *"I get what I want"*
- *"Meet me in the restroom"*
- *"Your probably sucking someone else d*ck"*
- *"My cum"*
- *"It's going to be in your mouth and in your p*ssy"*
- *"I need a nut"*

20.     She unequivocally told him to stop the unwanted behavior, to no avail.  She responded back:

- *"Nope"*
- *"Never"*
- *"For real. Don't text me no more trying to get some"*
- *"No"*
- *"And f*ck no"*
- *"So don't tell me. I guess u need to find someone to tAke care of that for you."*
- *"No wAy"*
- *"Naw man"*
- *"U wish"*
- *"I'm serious"*
- *"You need to respect me, and my reputation. This is a work place…."*

21.     She reported Mr. Carrizales to a number of persons in management including but not limited to the Team Lead Benjamin Stafford in or about October of 2014. She even showed Mr. Stafford some of the vulgar text messages that she had received from Mr. Carrizales, as outlined above. Instead of alleviating the matter, Mr. Stafford warned Ms. Dial that if she reported Mr. Carrizales to Human Resources that **she** and Mr. Carrizales would both lose their jobs. He added that Human Resources would not even try to figure out who was right and who was wrong. The Team Lead promised to look into the matter himself. Instead, Mr. Stafford began making sexual advances towards Ms. Dial including telling her that she needed to have sex and commenting that she was sexy. Ms. Dial did not hesitate to also reject Mr. Stafford's actions.

22.     In the meantime, Ms. Dial's work environment became a nightmare. It left her constantly crying, hiding out in the Shell restrooms or using her vacation time to go home early. Some employees were gossiping about her. Some employees were blatantly ignoring her. One trainer, a friend of Mr. Carrizales, initially made crude comments to Ms. Dial when he trained her. He would say that Ms. Dial was "used" by Mr. Carrizales. He then simply failed to train her altogether by refusing to talk to her. Ms. Dial reported the above repeatedly.

23. For her part, Ms. Dial reported the treatment to Human Resources and several managers. She had a union representative present in one such meeting when she told them she felt like she was being discriminated against and singled out. Ms. Dial disclosed that she was having difficulty with getting the proper training and using her vacation time accordingly. The next morning, the union representative told Ms. Dial that she threw the trainer in front of a bus and that we do not do that to our brothers at Shell.

24. To say that Ms. Dial felt like an outsider is an understatement. She felt alone at work and at home.

25. She was eventually terminated on or about December 18, 2014 for reasons she disputes.

26. The effect of the practices complained of herein has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender and opposition to discrimination.

## IV.
## CAUSES OF ACTION

**A.     SEXUAL HARASSMENT**

27. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

28. Defendant, through its agents, supervisors, or employees including Carrizales and Stafford engaged in unlawful sex discrimination by subjecting Dial to unwelcome sexual harassment.

29. The above-described unwelcome sexual harassment created an intimidating, oppressive, hostile environment, which interfered with Plaintiff's emotional and physical well-being.

30. Defendant at all times relevant hereto had actual and/or constructive knowledge of the conduct described in the paragraphs above in large part because of Carrizales and Stafford's influential position, Plaintiff's report of misconduct, and/or the open and obvious nature of the sexual misconduct that permeated.

31. As a result of the hostile and offensive environment perpetrated by Defendant through its agents, supervisors, or employees, and maintained by Defendant's failure to protect Dial from further harassment and instead terminating Dial caused her to suffer severe emotional distress and injury.

32. Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and omissions of Carrizales, Stafford and management as described in the paragraphs above.

33. Defendant failed to comply with their statutory duty to promptly take all reasonable and necessary steps to eliminate sexual harassment from the workplace and to prevent it from occurring in the future.

34. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Dial through its agents, supervisors, or employees, Dial has suffered and will continue to experience pain and suffering, and extreme and severe mental anguish and emotional distress; she has incurred and/or will incur medical expenses for treatment by psychotherapists and other health professionals, and for other incidental expenses; and she has suffered and/or will continue to suffer a loss of earnings and other employment benefits and job opportunities. Dial is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Dial has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extend of which are presently unknown to Dial, who therefore will seek leave of Court to amend this Compliant in that regard when the same shall be fully and finally ascertained. Dial requests that attorney's fees be awarded pursuant to Title VII.

**B. RETALIATION**

36. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

37. After rejecting such harassment, Dial was subsequently harassed, threatened, isolated, and terminated.

38. Defendant had no legitimate business reasons for any such acts. Each act of retaliation is in violation of Title VII's anti-retaliation provisions.

39. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination and relation against her, Dial has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Dial is thereby entitled to general, compensatory and punitive damages in amounts to be proven at trial.

40. The above-described acts on Defendant's part were undertaken in violation of Title VII and proximately caused Dial substantial injuries and damages.

## V.
## JURY DEMAND

41. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

42. Defendant's conduct constitutes violations of statutory and/or common law.  Such unlawful conduct seriously affects Dial in her occupation, trade and business.  Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages.  Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures of Defendant.   Accordingly, Dial seeks all general, special, incidental, economic, compensatory, punitive, and consequential damages in an amount to be proved at trial including punitive damages.

43. Because of Defendant's unlawful and tortious conduct, it has been necessary for Dial to retain the undersigned attorney to represent her in these causes of action Plaintiff has agreed to pay her attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

44. Additionally, Dial has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve her ability to earn a living.  Accordingly, Dial seeks all general, special, incidental and consequential damages as shall be proven at trial.

45. Further, Dial seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant.  Dial also seeks

post-judgment interest at the maximum rate allowed by law in the event that Defendant do not promptly tender damages assessed against them and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of sex and in retaliation thereof.

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering in the past and future;

d. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

e. Reasonable attorney's fees, with conditional awards in the event of appeal;

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h.  Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

Law Offices of Katrina Patrick

*/s/ Katrina S. Patrick*

---

**Katrina Patrick**
Attorney-in-Charge
State Bar No. 00797218
Federal Bar No. 22038
2800 Post Oak Blvd Suite 4100
Houston, Texas 77056
Telephone: (713) 796-8218
Facsimile: (832)390-2499

**ATTORNEY FOR PLAINTIFF**
**KRISTIN DIAL**